JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Axel Leandry | City of Philadelphia, Police Officer Jonathan Czapor, Police Officer Ryan Flynn, John Does 1-10 |

**(b)** County of Residence of First Listed Plaintiff **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Henry George, Esq. Law Office of Gregory Pagano
1315 Walnut St. 12th Fl Phila PA 19107 215-636-0160

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Pharmaceutical | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Personal Injury | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability    ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine ☐ 345 Marine Product Liability | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle    **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | |
| ☐ 190 Other Contract | Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | |
| | ☐ 362 Personal Injury -    Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights    **Habeas Corpus:** | Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations    ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | Employment    **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | Other    ☐ 550 Civil Rights | | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.1983 and 1988

Brief description of cause:
Excessive Use of Force by Police

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
10/1/2024

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

05/2023

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 229 E. Tabor Road

Address of Defendant: 1515 Arch St. 14th Floor Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 400 W. Clearfield St. Philadelphia PA

---

**RELATED CASE IF ANY:**

Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is **not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: 10/1/24          _____Henry George_____          3 2 2 4 8 1

*Attorney-at-Law (Must sign above)*          *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

**A. *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify)*:_____

**B. *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Henry George , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 10/1/24          _____Henry George_____          3 2 2 4 8 1

*Attorney-at-Law (Sign here if applicable)*          *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Axel Leandry                               :        CIVIL ACTION
                                           :
              v.                           :
City of Philadelphia, et al                :        NO. 24-5262

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (✓)

10/1/24                         _Huy Phe_                    Plaintiff Axel Leandry
**Date**                      **Attorney-at-law**              **Attorney for**

215-636-0160              215-636-0164                   Hgeorge@paganolaw.Net
**Telephone**                  **FAX Number**                  **E-Mail Address**

(Civ. 660) 10/02


American LegalNet, Inc.
www.FormsWorkFlow.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AXEL LEANDRY<br>229 E. Tabor Road<br>Philadelphia, PA 19120 | CIVIL ACTION |
| Plaintiff<br>vs. | NO: 24-5262 |
| CITY OF PHILADELPHIA<br>1515 Arch Street. 14th Floor<br>Philadelphia, PA 19102<br>    AND<br>POLICE OFFICER JONATHAN CZAPOR<br>C/O City of Philadelphia Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>    AND<br>POLICE OFFICER RYAN FLYNN<br>C/O City of Philadelphia Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>    AND<br>JOHN DOES 1-10<br>                Defendants | JURY TRIAL DEMANDED |

## COMPLAINT

1. This is a complaint for money damages brought pursuant to 42 U.S.C. §1983 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution, and under the Commonwealth of Pennsylvania Constitution. Jurisdiction is based upon 28 U.S.C. §1331 and 1343 and, pendent jurisdiction of this court to consider claims under state law.

## PARTIES

2. Plaintiff, Axel Leandry is, at all times relevant to this Complaint, an adult resident of Philadelphia, Pennsylvania and is currently thirty two (32) years old.

1

3. Defendant, City of Philadelphia (hereinafter "City"), is a local and/or municipal governmental agency, a legal entity in the Commonwealth of Pennsylvania, organized and existing under the laws of the Commonwealth of Pennsylvania and Philadelphia law and acting by and through its respective agents, servants and/or employees and at all relevant times hereto, had a registered office at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania 19102.

4. Defendant, Police Officer Jonathan Czapor (hereinafter "Czapor"), is and was at all times relevant to this Complaint, a police officer with the Philadelphia Police Department and acting under the color of state law. He is sued both individually and in his official capacity as an officer of the Philadelphia Police Department and employee of Defendant City.

5. Defendant, Police Officer Ryan Flynn (hereinafter "Flynn"), is and was at all times relevant to this Complaint, a police officer with the Philadelphia Police Department and acting under the color of state law. He is sued both individually and in his official capacity as an officer of the Philadelphia Police Department and employee of Defendant City.

6. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties is incorporated as a Defendant in each and every count and averment listed above and below.

7. At all times material hereto, Defendant City directs, manages, and controls the City of Philadelphia, Police Department, and employs police officers such as, and including, Defendants Czapor, Flynn, and John Does 1-10.

2

## FACTS

8. On or about October 4, 2022 at approximately 6:05pm, Plaintiff, Axel Leandry, was arrested on the 400 block of W. Clearfield Street in Philadelphia Pennsylvania by Defendants Czapor, Flynn and John Does 1-10.

9. At the time of Plaintiff's arrest, he was unarmed.

10. At the time of Plaintiff's arrest, without notice or warning, Plaintiff was tazed by Defendants Czapor, Flynn and/or John Does 1-10.

11. After being tazed, Plaintiff fell to the ground and could not move.

12. While laying on the ground, Defendants Czapor, Flynn and/or John Does 1-10, in concert with one another, handcuffed Plaintiff, and while holding Plaintiff down on the ground, proceeded to violently kick and punch Plaintiff in the face multiple times causing Plaintiff to sustain injuries to his eyes, head, and a nasal fracture requiring surgery.

13. Due to the seriousness of Plaintiff's injuries, he was taken to the hospital while in police custody.

14. At the time of the Defendants Czapor's, Flynn's and/or John Does 1-10's conduct of employing a taser, and punching and kicking Plaintiff while handcuffed, Plaintiff had not committed any infraction to legally justify the amount of force used and there were no reasonable grounds to believe that use of force against Plaintiff was necessary.

15. Plaintiff was not charged criminally with Resisting Arrest under Title 18 P.A.C.S. §5104 at the time of this incident.

16. The conduct of Defendants Czapor, Flynn, John Does 1-10 and City of Philadelphia was part of a custom, policy, and/or practice and these customs, policies or practices caused the violation of Plaintiff's rights.

17. As a direct and proximate result of Defendants Czapor, Flynn, John Does 1-10 and City of Philadelphia's misconduct, Plaintiff suffered physical injury, financial loss and severe emotional distress.

## COUNT I – EXCESSIVE FORCE
### PURSUANT TO 42 U.S.C. §1983
### AXEL LEANDRY V. POLICE JONATHAN CZAPOR

18. Paragraphs 1 through 17 of this Complaint are incorporated herein by reference.

19. On or about October 4, 2022, Police Officer Defendant Czapor, without legal justification, acted alone, jointly and/or in concert with another, did with deliberate indifference use excessive force upon the Plaintiff, an unarmed person, by tasing Plaintiff, and kicking and punching Plaintiff while handcuffed and defenseless in the face and body.

20. As a result of the conduct of the Defendant Czapor, acting under the color of state law, without just cause or lawful reason, using excessive force by unlawfully tasing Plaintiff, punching and kicking Plaintiff while handcuffed and defenseless on the ground, Plaintiff suffered pain and physical injuries on his head, face and body requiring surgery. Plaintiff suffered, and continues to suffer, physical injury and psychological injury as a result of the physical injuries he received as a result of the Defendant Czapor's actions.

21. The Defendant Police Officer Czapor, acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Fourth Amendment and Fourteenth Amendment of the United States Constitution, and 42 U.S.C. §1983.

## COUNT II – EXCESSIVE FORCE
### PURSUANT TO 42 U.S.C. §1983
### AXEL LEANDRY V. POLICE OFFICER RYAN FLYNN

22. Paragraphs 1 through 21 of this Complaint are incorporated herein by reference.

4

23. On or about October 4, 2022, Police Officer Defendant Flynn, without legal justification, acted alone, jointly and/or in concert with another, did with deliberate indifference use excessive force upon the Plaintiff, an unarmed person, by tasing Plaintiff, and kicking and punching Plaintiff while handcuffed and defenseless in the face and body.

24. As a result of the conduct of the Defendant Flynn, acting under the color of state law, without just cause or lawful reason, using excessive force by unlawfully tasing Plaintiff, punching and kicking Plaintiff while handcuffed and defenseless on the ground, Plaintiff suffered pain and physical injuries on his head, face and body requiring surgery. Plaintiff suffered, and continues to suffer, physical injury and psychological injury as a result of the physical injuries he received as a result of the Defendant Flynn's actions.

25. The Defendant Police Officer Flynn, acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Fourth Amendment and Fourteenth Amendment of the United States Constitution, and 42 U.S.C. §1983.

**COUNT III – EXCESSIVE FORCE**
**PURSUANT TO 42 U.S.C. §1983**
**AXEL LEANDRY V. JOHN DOES 1-10**

26. Paragraphs 1 through 25 of this Complaint are incorporated herein by reference.

27. On or about October 4, 2022, Defendants John Does 1-10, without legal justification, acted alone, jointly and/or in concert with another, did with deliberate indifference use excessive force upon the Plaintiff, an unarmed person, by tasing Plaintiff, and kicking and punching Plaintiff while handcuffed and defenseless in the face and body.

28. As a result of the conduct of the Defendants John Does 1-10, acting under the color of state law, without just cause or lawful reason, using excessive force by unlawfully tasing

Plaintiff, punching and kicking Plaintiff while handcuffed and defenseless on the ground, Plaintiff suffered pain and physical injuries on his head, face and body requiring surgery. Plaintiff suffered, and continues to suffer, physical injury and psychological injury as a result of the physical injuries he received as a result of the Defendants John Does 1-10's actions.

29. The Defendants John Does 1-10, acting under the color of state law,  violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Fourth Amendment and Fourteenth Amendment of the United States Constitution, and 42 U.S.C. §1983.

### COUNT IV – CONSPIRACY TO COMMIT EXCESSIVE FORCE PURSUANT TO 42 U.S.C. §1983 AXEL LEANDRY V. POLICE OFFICER JONATHAN CZAPOR, POLICE OFFICER RYAN FLYNN, and JOHN DOES 1-10

30. Paragraphs 1 through 29 of this Complaint are incorporated herein by reference.

31. On or about October 4, 2022, Defendants Czapor, Flynn, and John Does 1-10, acting under the color of state law, acted jointly and/or in concert and conspiracy, with one another, did with deliberate indifference use excessive force upon the Plaintiff, an unarmed person, by discharging a taser striking Plaintiff and kicking and punching Plaintiff while handcuffed and defenseless in the face and body.

32. As a result of the conduct of Defendants Czapor, Flynn and John Does 1-10, acting under the color of state law, without just cause or lawful reason, using excessive force by unlawfully tasing Plaintiff, punching and kicking Plaintiff while handcuffed and defenseless on the ground, Plaintiff suffered pain and physical injuries on his head, face and body requiring surgery. Plaintiff suffered, and continues to suffer, physical injury and psychological injury as a result of the physical injuries he received as a result of the Defendants Czapor, Flynn and John Does 1-10's actions.

6

33. The Defendants Czapor, Flynn and John Does 1-10 acting under the color of state law, and in conspiracy with each other, violated the Plaintiff's right to be free from the use of excessive force. The Defendant Police Officers and John Does 1-10 violated the Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983.

**COUNT XIV – MONELL CLAIM**
**PURSUANT TO 42 U.S.C. §1983**
**AXEL LEANDRY V. CITY OF PHILADELPHIA**

34. Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

35. Prior to the date of this incident, the City of Philadelphia developed and maintained practices, procedures, policies and/or customs exhibiting deliberate indifference to the constitutional rights of individuals during the course of arrests, including the policy regarding use of force, which caused a violation of Plaintiff's rights in this case.

36. It was the policy and/or custom of the City of Philadelphia to inadequately and improperly investigate claims that the Philadelphia Police had used excessive force while officers were acting under the color of state law.

37. It was the policy and/or custom of the City of Philadelphia to inadequately supervise, train, retrain, and discipline its police officers, including the Defendants Czapor, Flynn and John Does 1-10, who engaged in excessive force, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Philadelphia did not require sufficient in-service training or retraining of its officers who were known to have engaged in use of excessive force.

38. As a result of the above-described practices, procedures, policies and customs, police officers of the City of Philadelphia, including the Defendants Czapor, Flynn and John Does

7

1-10, believe that their actions would not be properly monitored by supervisory officers, and that the misconduct, including the use of excessive force would not be investigated or sanctioned, but would be tolerated.

39. Specifically, Defendant Czapor was previously suspended for his role in a beating of three suspects.

40. According to an article published by Axios Philadelphia, more than 900 claims were filed against City of Philadelphia police between fiscal year 2016 and 2022 with claims of excessive force being among the most common claims.

41. Despite, the violent history of Defendant Czapor and the hundreds of claims that have been made against Defendant City of Philadelphia between the years 2016 and 2022, Defendant City of Philadelphia continues to allow this custom of violent behavior and excessive use of force by City of Philadelphia Police Officers including Defendants Czapor, Flynn and John Does 1-10.

42. The above-described policies and customs demonstrate a deliberate indifference, on the part of the policymakers of the City of Philadelphia, to the constitutional rights of persons within Philadelphia, specifically, the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. Section 1983, and were the cause of the violations of Plaintiff's rights alleged herein.

43. Plaintiff suffered harm due to the actions and omissions of Defendant City of Philadelphia.

WHEREFORE, the Plaintiff requests the following relief in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00):

(a)    Compensatory damages to the Plaintiff against the Defendant Police Officers and City of Philadelphia jointly and severally;

8

(b)    Punitive damages to the Plaintiff against the Defendant Police Officers, jointly and severally;

(c)    Reasonable attorney's fees and costs to the Plaintiff pursuant to Section 42 U.S.C. §1988;

(d)    Such other and further relief as appears reasonable and just.

Respectfully Submitted,

Law Office of Gregory J. Pagano

/s/ Henry George
HENRY GEORGE, Esq
Attorney ID 322481
1315 Walnut Street, 12th Floor
Philadelphia, PA 19107
215-636-0160
hgeorge@paganolaw.net

9