IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AXEL LEANDRY,<br>        *Plaintiff*,<br><br>v.<br><br>CITY OF PHILADELPHIA, POLICE OFFICER JONATHAN CZAPOR, POLICE OFFICER RYAN FLYNN, AND JOHN DOES 1-10,<br>        *Defendants.* | Civil No. 24-5262 |

MEMORANDUM

**Costello, J.**                                                                                               July 16, 2025

Plaintiff Axel Leandry has sued Jonathan Czapor, Ryan Flynn, other unidentified police officers (the "police officers"), and the City of Philadelphia pursuant to 42 U.S.C. § 1983. Leandry claims that the police officers used excessive force against him during his arrest on October 4, 2022 (Counts I-III). Leandry also claims that the police officers engaged in a conspiracy to use excessive force against him (Count IV). Finally, Leandry claims that the City of Philadelphia failed to adequately train, supervise, and discipline its police officers on the proper use of force (Count V). Defendants have moved to dismiss the complaint. As is discussed more fully below, Leandry has not sufficiently stated a Section 1983 conspiracy claim. Accordingly, the Court will grant Defendants' motion to dismiss in part.

I.   **FACTUAL ALLEGATIONS**

Leandry alleges that Czapor, Flynn, and other unidentified officers arrested him on October 4, 2022. Compl., ECF No. 1 ¶ 8. During Leandry's arrest, Czapor, Flynn, or one of the unidentified police officers used a taser on him without warning. *Id.* ¶ 10. The police officers then handcuffed Leandry and held him to the ground. *Id.* ¶ 12. While Leandry was restrained,

the police officers kicked and punched Leandry in the face multiple times causing him to sustain injuries, including a broken nose. *Id.*

## II.     LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* All well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

## III.    DISCUSSION

### A.    Leandry Has Sufficiently Alleged the Personal Involvement of Czapor and Flynn.

To state a Section 1983 claim against a government official, a plaintiff must plead the personal involvement of that official. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 676). Here, Leandry has alleged that Czapor and Flynn, as well as other unnamed police officers, engaged in excessive force. This allegation is sufficient to establish the personal involvement of Czapor and Flyn, regardless of the alleged involvement of other unnamed officers in the same action. *See Corbin v. Bucks Cnty.*, 703 F. Supp. 3d 527, 532-33 (E.D. Pa. 2023) (noting that group pleading "*i.e.*, allegations that multiple defendants undertook the same action in tandem" is permissible).

**B.     Leandry Has Not Sufficiently Alleged a Section 1983 Conspiracy.**

For Leandry to successfully allege a Section 1983 conspiracy, he must plausibly allege (1) the "deprivation of a federally protected right" and (2) "some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Jutrowski*, 904 F.3d at 295 (citation omitted).  To show agreement, Leandry must demonstrate that defendants reached an understanding to deny him his rights.  *Id.*  This understanding or agreement can be established through direct or circumstantial evidence, "such as by identifying interactions between the conspirators, the approximate timing of the agreement, the parties in agreement, and the period or object of the conspiracy." *Murphy v. Middlesex Cnty.*, 361 F. Supp. 3d 376, 389 (D.N.J. 2019) (citing *Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008)).

Leandry has not alleged any facts establishing an agreement among the police officers to use excessive force.  Instead, Leandry concludes that the police officers "acted jointly and/or in concert and conspiracy" to use excessive force against him.  Compl., ECF No. 1 ¶ 31.  Such conclusory allegations are insufficient.  *See Bean v. Ridley Twp.,* Civil Action No. 14-5874, 2015 WL 568640, at *10-13 (E.D. Pa. Feb. 10, 2015) (finding allegations that police officers worked in concert to put plaintiff into the back of a squad car were not sufficient to establish conspiracy); *see also Pugh v. Downs*, 641 F. Supp. 2d 468, 470, 475 n.8 (E.D. Pa. 2009) (finding in alternative that allegation that private casino guard acted in concert with police officers to beat plaintiff was not sufficient to establish casino guard's agreement to engage in Section 1983 conspiracy with police officers).  Leandry's conclusory allegations do not raise "a reasonable expectation that discovery will reveal evidence of" an agreement among the police officers.  *Phillips v. Cnty. of*

*Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  Accordingly, the Section 1983 conspiracy claim will be dismissed without prejudice.[1]

### B. Leandry has sufficiently alleged a failure to train claim against the City of Philadelphia

A municipality can be liable for its failure to train, discipline, and supervise its police officers.  *Montgomery v. De Simone*, 159 F.3d 120, 127 (3d Cir. 1998).  To allege such a claim, a plaintiff must show that the municipality's failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *Id.* (citation omitted).  Usually, deficient training, supervision, or discipline "can only amount to the requisite deliberate indifference" where the failure has caused a pattern of constitutional violations.  *Hagwood v. City of Phila.*, 604 F. Supp. 3d 293, 307 (E.D. Pa. 2022) (citation omitted).

Here, Leandry has alleged a constitutional deprivation in the form of the use of excessive force.  *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989).  In addition, Leandry has alleged a specific training failure, *i.e.*, a failure to retrain officers involved in excessive force incidents.  Further, Leandry has alleged a pattern of constitutional violations because Czapor had been disciplined once before for his role in the beating of three people.  Thus, Leandry has plausibly alleged that the City failed to train, supervise, and discipline its police officers on the proper use of force.

---

[1] Leandry's Section 1983 conspiracy claim will be dismissed without prejudice because Plaintiff may be able to state a viable claim with amendment.  *See Kurtz v. Westfield Ins.*, 610 F. Supp. 3d 703, 710 (E.D. Pa. 2022).

## IV. CONCLUSION

Because Leandry alleges no facts establishing the existence of an agreement among the police officers to use excessive force, the complaint fails to state a claim for a Section 1983 conspiracy. As a result, the Court will dismiss the conspiracy claim without prejudice. The Court will otherwise deny the motion to dismiss.

An appropriate Order will follow.

**BY THE COURT:**

_____
MARY KAY COSTELLO, J.
